FILED

2019 Apr-12  PM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

BP-A0304
AUG 11

**DISCIPLINE HEARING OFFICER REPORT**   CDFRM

**U.S. DEPARTMENT OF JUSTICE**                           **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: **FCI Jesup, Georgia** | Institution Security Level: **Medium**    I/R 3035814 |
| NAME OF INMATE: Cummings, Calvin | REG.NO.: **34652-018**    UNIT: **DB** |
| Date of Incident Report: **09/20/207** | Offense Code: **113** |
| Date of Incident: **09/20/2017** | |

Summary of Charges: **Possession of Narcotics**

**I.     NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **09/20/2017** at (time) **1030**   (by staff member) **Lt. Vandiver**

B. The DHO Hearing was held on (date) **09/26/2017** at (time) **1115**

C. The inmate was advised of the rights before the DHO by (staff member): **Counselor J. Forsyth**   on (date) **09/21/2017** and a copy of the advisement of rights form is attached.

**II.     STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.  Yes __**X**__  No____.

B. Inmate requested staff representative and __**N/A**__  appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **N/A**

D. Staff representative  **N/A**   was appointed.

**III.     PRESENTATION OF EVIDENCE**

A. Inmate _____(admits)   __**X**__   (denies) the charge(s).

B. Summary of inmate statement:
You appeared at this hearing and stated you were ready to proceed at this time, required no staff representative or witnesses, and understood your rights before the DHO.  You stated you had received your copy of the incident report.

When you were given an opportunity to make a statement you stated the paper does not look like it was soaked in anything and you requested the paper be sent to an outside laboratory for testing.

C. Witnesses:
1. The inmate requested witnesses.  Yes____  No **X** .

2. The following persons were called as witness at this hearing and appeared: **N/A**

3. A summary of the testimony of each witness is attached  **N/A.**

4. The following persons requested were not called for the reason(s) given: **N/A** .

5. Unavailable witnesses were requested to submit written statements and those statements received were considered: **N/A** .

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:
**Memorandum and photograph prepared by SIS Tech Reynolds dated September 20, 2017.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:  **N/A** .

**IV.     FINDINGS OF THE DHO**

__**X**__ A. The act was committed as charged.       _____ C. No prohibited act was committed:

_____ B. The following act was committed:       _____ D. Expunge according to Inmate
                                                                              Discipline PS.

1

BP-A0304
AUG 11
**U.S. DEPARTMENT OF JUSTICE**

## DISCIPLINE HEARING OFFICER REPORT   CDFRM

**FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Cummings, Calvin | 34652-018 | 09-26-2017 |

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

It is the decision of the DHO that you did commit the prohibited act of code 113, possession of narcotics.  This decision is based on the statement of the reporting staff member, memorandum, and photograph.  Officer Redcloud stated on September 20, 2017, at approximately 12:30 pm, he was inventorying your property for review, due to your placement in the Special Housing Unit.  He discovered two pieces of white coloring paper that appeared to be soaked in an unknown liquid.  The paper was routed to SIS Tech Reynolds that tested the substance with the NIK test kit E with negative results.  SIS Tech Reynolds proceed with the NIK test kit A, resulting in a positive test for amphetamine (brown color).  He then proceeded to test the substance with a NIK test kit U resulting in a positive test for amphetamine (burgundy color).

Supporting this decision is the memorandum prepared by SIS Tech Reynolds.  He stated on September 20, 2017, at approximately 1230, he conducted a NIK narcotics test on two pieces of white coloring pages that were made from construction paper.  The paper appeared to be soaked in an unknown liquid.  It was found by officer Redcloud on September 20, 2017 in your property. SIS Tech Reynolds then conducted a test using the NIK test kit A that produced positive results for Amphetamines, wherein after breaking the ampules as directed a brown color resulted in the presence of amphetamines.  He then utilized NIK test kit U that revealed a positive result for Amphetamine after breaking the ampules as directed a burgundy color resulted indicating the presence of amphetamine.

Additionally, SIS Tech Reynolds submitted a photograph taken on September 20, 2017, of the contraband discovered by Officer Redcloud in your property.  The photograph depicts two coloring pages that appear to be discolored.  Additionally, the photograph depicts a NIK test kit A with a brown color and a NIK test kit U with a burgundy color.

The DHO considered your statement that the paper does not look like it was soaked in anything and you requested the paper be sent to an outside laboratory for testing.  The Bureau of Prisons utilizes the services and training for the NIK Polytesting System and provides extensive training, updates, and charts that indicate the proper procedures utilized to conduct a test, the type of NIK Test kit to utilize and how to read the results. The NIK system of Narcotics Identification is based upon a Polytesting procedure whereby a suspect material is subjected to a series of progressively discriminating screening tests. The sequential results of several tests provide a high degree of certainty that the suspect material is in fact what the NIK Polytesting System indicates it to be.

Based on the officer discovering the discolored coloring pages inside your property, and photographs of the positive drug test for amphetamines along with the memorandum from SIS Tech Reynolds supporting the positive drug results, the DHO finds the greater weight of evidence supports the decision that you did commit the prohibited act of possession of narcotics.

| VI. | SANCTION OR ACTION TAKEN: | Offense Severity | Greatest |
|---|---|---|---|
| | | GCT Available | 54 |

Disallow thirteen (13) days Good Conduct Time

Forfeit twenty-eight (28) days Non-Vested good Conduct Time

Loss of visitation privilege for six (6) months consecutive to incident report #3032708 beginning 09/26/2018 through 03/25/2019

Visitation restriction (immediate family only) for six (6) months consecutive to incident report #3032708 beginning 03/26/2020 through 09/25/2020

VII.   REASON FOR SANCTION OR ACTION TAKEN:

The action/behavior on the part of any inmate to use/possess drugs threatens not only the health, safety and welfare of himself, but that of all other inmates and staff within the institution.  In the past, inmates under the influence of drugs have become violent towards other inmates, as well as staff, causing serious injuries, as well as deaths, which cannot

BP-A0304
AUG 11

## DISCIPLINE HEARING OFFICER REPORT   CDFRM

**U.S. DEPARTMENT OF JUSTICE**                      **FEDERAL BUREAU OF PRISONS**

| Name of Inmate:<br>**Cummings, Calvin** | Reg. No.:<br>**34652-018** | Hearing Date:<br>**09-26-2017** |
|---|---|---|

and will not be tolerated.  The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name<br><br>C. Aspinwall, Alternate DHO | Signature | Date<br><br>09/28/2017 |
|---|---|---|

Delivered to Inmate by: _C. Douglas / C. Douglas_   Date delivered: _10-10-2017_   Time: _1600_

Prescribed by P5270                      Replaces BP-304(52) of JAN 88

BP-A0288
JAN 17
U.S. DEPARTMENT OF JUSTICE

**INCIDENT REPORT**

FEDERAL BUREAU OF PRISONS

| Part I – Incident Report | | | |
|---|---|---|---|
| 1. Institution: FCI Jesup | | Incident Report Number: 3035814 | |
| 2. Inmate's Name: Cummings, Calvin | 3. Register Number: 34652-018 | 4. Date of Incident: September 20, 2017 | 5. Time: Approx 12:30 p.m. |
| 6. Place of Incident: Special Housing Unit Property Room | 7. Assignment: Unassigned | 8. Unit: D-B | |
| 9. Incident: Possession of any Narcotics | | 10. Prohibition Act Code (s): 113 | |

**11. Description of Incident:** (Date: September 20, 2017    Time: 12:30 PM    Staff became aware of incident)

On September 20, 2017 at approximately 12:30 PM, I was inventorying inmate Cummings, Calvin #34652-018 property for review, due to him being placed in the Special Housing Unit. I came across 2 pieces of white coloring paper that appeared to be soaked in an unknown liquid. The paper was routed to SIS Reynolds who tested the substance with the NIK test kit E, resulting in a negative test result. SIS Reynolds proceeded to test kit A, resulting in a positive test for amphetamine (brown color). SIS Reynolds then proceeded to test the substance with test kit U, resulting in a positive test for amphetamine (burgundy color).

| 12. Type Name/Signature of Reporting Employee: SOS T. Redcloud / | 13. Date and Time: September 20, 2017 7:30 PM | | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate by: (Type Name/Signature): | | 15. Date Incident Report Delivered: 9-20-17 | 16. Time Incident Report Delivered: 10:30 Am |

| Part II – Committee Action |
|---|
| **17. Comments of Inmate to Committee Regarding Above Incident** |
| "Send the substance to the lab." |

| 18. A. It is the finding of the committee that you: | B. ☑ The Committee is referring the Charge (s) to the DHO for Further Hearing. |
|---|---|
| ☐ Committed the Prohibited Act as charged. | |
| ☐ Did no Commit a Prohibited Act. | C. ☐ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calender days. |
| ☐ Committed Prohibited Act Code (s): | |

**19. Committee Decision is Based on Specific Evidence as Follows:** Due to the severity of the incident report, report is being forwarded to DHO for further hearing & disposition.

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate commited prohibted act):** If found guilty of offense, UDC, recommends 75% loss of GCT, 1 year loss, & of visitation and 1 year restricted visits to immediate family. 30 Days DS in SHU

**21. Date and Time of Action:** 9/21/17  1208  (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accrualey reflects the UDC proceedings.)

INSTRUCTIONS: All items outside heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.
DISTRIBUTE: ORIGINAL-Central File record, COPY-1-DHO, COPY-2-Inmate After UDC Action; COPY-3-Inmate within 24 hours of Part I Preparation.

WD

Prescribed by P5270

Replaces BP-S288 of AUG 11

| Part III - Investigation | 22. Date And Time Investigation Began |
|---|---|
| | September 21, 2017 at 10:30 am |

23. Inmate Advised Of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence alone may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By     F. Vandiver, Lieutenant     At (Date/time)    09-21-17 at 10:30 am

**24. Inmate statement and attitude:**

Inmate Cummings, Calvin #34652-018 was positively identified, advised of his rights and stated that he understood them. Inmate Cummings elected to make the following statement, "Just send it to the lab. This ain't what they say it is."

Inmate Cummings displayed a good attitude.

**25. Other facts about the incident, statements of those persons present at scene, disposition of     evidence, etc.:**

Inmate Cummings elected to not call any witness's.

Evidence: See Section #11 of this incident report, supporting memorandum and a Chain of Custody form.

Incident referred to FBI: N/A.

**26. Investigator's comments and conclusions:**

Based on Section #11 of this report, it is the conclusion of this investigator that this Incident Report is warranted and should be accepted as is.

**27. Action taken:**

Inmate Cummings will remain in the Special Housing Unit (Administrative Detention) with this Incident Report pending referral to the Unit Disciplinary Committee.

Date and Time Investigation Completed     September 21, 2017 at 10:33 am

Printed Name/Signature Of Investigator     F. Vandiver /     Title    Lieutenant

WD           Prescribed by P5270           Replaces BP-A0288 of AUG 11

BP-A0293
AUG 11

**Inmate Rights at Discipline Hearing** CDFRM

U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

Institution: _____ FCI Jesup, GA

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to
the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

  1. The right to have a written copy of the charge(s) against you at least 24 hours prior
  to appearing before the Discipline Hearing Officer;
  2. The right to have a full-time member of the staff who is reasonably available to
  represent you before the Discipline Hearing Officer;
  3. The right to call witnesses (or present written statements of unavailable witnesses)
  and to present documentary evidence in your behalf, provided institutional safety would
  not be jeopardized;
  4. The right to present a statement or to remain silent. Your silence may be used to
  draw an adverse inference against you. However, your silence alone may not be used to
  support a finding that you committed a prohibited act;
  5. The right to be present throughout the discipline hearing except during a period of
  deliberation or when institutional safety would be jeopardized. If you elect not to
  appear before the DHO, you may still have witnesses and a staff representative appear on
  your behalf;
  6. The right to be advised of the DHO's decision, the facts supporting that decision,
  except where institutional safety would be jeopardized, and the DHO's disposition in
  writing; and,
  7. The right to appeal the decision of the DHO by means of the Administrative Remedy
  Procedure to the Regional Director within 20 calendar Days of notice of the DHO's
  decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing
before the Discipline Hearing Officer. I have further been advised that if I have previously
received either a presumptive or effective parole Date from the Parole Commission, a finding
by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by
the Parole Commission of the presumptive or effective parole date.

Inmate's Name: __Cummings, Calvin__          Reg. No.: __34652-018__

Inmate Signature: X _Cale Clem_          Date: __09-21-2017__

Notice of rights given to inmate (date/time): __09-21-2017__   __1208__

by: __J. Forsyth__ / _____
Staff Printed Name/Signature

Where an inmate has been advised of the rights afforded at a hearing before the DHO,
but refuses to sign the acknowledgment, the following should be completed.
I have personally advised (Inmate's Name/Register No.): _____
of the above rights afforded at a discipline hearing before the DHO; however the inmate has
refused to sign the acknowledgment.

Staff Typed or Printed Name / Signature: _____ / _____

Date: _____

**WAIVER OF 24 HOUR NOTICE**
I have been advised that I have the right to have a written copy of the charge(s) against me
at least 24 hours prior to appearing before the DHO. I wish to waive this right and proceed
with the DHO hearing at this time.

Inmate Typed or Printed Name / Signed: _Cummings, Calvin_ / X _Cale Clem_

Register Number: __34652-018__   Date: _9/21/17_   Time: _1:39 pm_

Witnessed by: _____ / _____
(Staff Printed Name/Signature)

(This form may be replicated via WP)   Prescribed by P5270   Replaces BP-293(52) of JAN 88

BP-A0294
AUG 11
**U.S. DEPARTMENT OF JUSTICE**

# Notice of Discipline Hearing Before the (DHO) CDFRM

**FEDERAL BUREAU OF PRISONS**

FCI Jesup, GA
Institution

| To: Cummings, Calvin | REG. NO.: 34652-018 |
|---|---|

ALLEGED VIOLATION(S): Refusing to obey an order

| DATE OF OFFENSE: 09-20-2017 | CODE NO: 113 |
|---|---|

You are being referred to the DHO for the above charge(s).

The hearing will be held on: <u>next available docket</u> at _____ (A.M./P.M.) at the following location:

_____.

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do)_____ (do not) ✓ wish to have a staff representative.

If so, the staff representative's name is:_____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do)_____ (do not) ✓ wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|

| NAME: | CAN TESTIFY TO: |
|---|---|

| NAME: | CAN TESTIFY TO: |
|---|---|

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

| DATE: 09-21-2017 | SIGNATURE: *Calvin Cummings* |
|---|---|

Notice of hearing before DHO given inmate <u>09-21-2017/ 1208</u> by J. Forsyth / *J. Forsyth*
<span>Date/Time</span> ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ Staff Printed Name/Signature

*(This form may be replicated via WP)*

Replaces BP-294(52) of JAN 88

Prescribed by P5270